# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTIAN HANSON,

        Petitioner,               Case Number: 2:09-CV-14532

v.                                    HON. VICTORIA A. ROBERTS

DEBRA SCUTT,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Michigan prisoner Christian Hanson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for burning of a dwelling house, Mich. Comp. Laws § 750.72, and burning insured property, Mich. Comp. Laws § 750.75, which were imposed following a jury trial in the Kent County Circuit Court in 2006. Petitioner was sentenced to 5 to 20 years' imprisonment for the burning of a dwelling house conviction and 23 months to 10 years' imprisonment for the burning of an insured property conviction. In his petition, he raises claims concerning the admission of other acts evidence, jury instructions, prosecutorial misconduct, and the admission of evidence seized pursuant to an invalid search warrant. Respondent has filed a motion to dismiss on the ground that two of Petitioner's claims have not been exhausted in state court. For the reasons stated below, the Court concludes that Petitioner has not properly exhausted his state court remedies and dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability.

**I.**

Following Petitioner's convictions and sentencing in Kent County Circuit Court, Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised the following claims:

> I. The circuit court abused its discretion when admitting evidence of the 2006 car shooting because it was not relevant to a consciousness of guilt nor was it relevant to rebut an anticipated defense theory.
>
> II. The trial court's erroneous or omitted instructions on the defendant not testifying, the proper use of the other acts evidence, the burden of proof and the definition of reasonable doubt denied Mr. Hanson a fair trial.
>
> III. The prosecutor committed reversible error by repeatedly calling on Mr. Hanson to testify and present proof during the closing argument.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Hanson*, No. 280299 (Mich. Feb. 17, 2009).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the first and third claims raised in the Michigan Court of Appeals. He did not raise the jury-instruction claim in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Hanson*, 484 Mich. 870, 769 N.W.2d 714 (Mich. Aug. 6, 2009).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same claims raised in the Michigan Court of Appeals and a fourth claim that his rights under the Fourth Amendment were violated. Respondent has filed a motion to dismiss on the ground that the claims raised in the petition are unexhausted.

**II.**

Respondent argues that the petition should be dismissed because Petitioner's second and fourth claims are unexhausted. A federal court may not grant habeas corpus relief to a state

prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845, 119 S. Ct. at 1732 (internal quotation omitted). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Petitioner's jury-instruction claim was not presented to the Michigan Supreme Court and his Fourth Amendment claim was not presented to either state appellate court. Both claims, therefore, are unexhausted.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *see also Rust,* 17 F.3d at 160. However, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of

limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary. Additionally, the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), is not at risk of expiring. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir.2000); S.Ct. Rule 13(1), in this case, on or about November 4, 2009. Thus, the one-year limitations period began the next day and ran for just over ten days until Petitioner signed his federal habeas petition on November 14, 2009.

While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled by the Court so long as Petitioner diligently pursues his rights in state court. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (June 14, 2010 (holding that "§ 2244(d) is subject to equitable tolling"). Additionally, the one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. See 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Moreover, even if the limitations period is not equitably tolled during the pendency of

4

this petition, over two months remain in the one-years limitations period. Petitioner thus has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Petitioner has also not shown good cause for failing to exhaust his claims in the state courts before proceeding in federal court on habeas review. At least one of his unexhausted claims appears to concern matters of federal law which may warrant further review. His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

5

**IV.**

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies as to two of his habeas claims. Accordingly, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [dkt. #7] is GRANTED and the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

The Court concludes that reasonable jurists would not debate whether the Court is correct in its procedural ruling. Accordingly, a certificate of appealability is DENIED.

SO ORDERED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 26, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Christian Hanson by electronic means or U.S. Mail on August 26, 2010.

s/Carol A. Pinegar
Deputy Clerk

---